# UNITED STATES DISTRICT COURT
# NORTHREN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 1 4 2012

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

**CATHRYN LAFAYETTE,**
**Plaintiff**

CASE NO. 12-CV-1865-TWT

v.

**GMAC, ET AL**
**Defendant**

## RESPONSE TO ORDER OF THE COURT

It is my understanding that this Honorable Court has only ruled against the Injunction to stop the sale of my property . This Honorable court has not ruled against the Federal Common Law Lien that was filed against GMAC ET AL that was filed on October 25, 2011 and has not violated any statues sat by the United States Supreme Courts and a Common Law Jury in a Court of Common Law. However, GMAC knowingly with the knowledge of the two Federal Common Law Liens has chosen not to abided by the Common Law Jury in a Court of Common Law and has pursued to sale my property and remove these two Federal Common Law Liens on their own. Common Law Liens at Law supersedes Mortgages and Equity Liens and may be satisfied only when a Court of Common Law is convening pursuant to an order of the Elected Sheriff.

CAVEAT: Whoever attempts to modify, circumvent and/ or negate this Federal Common Law Lien in the form of the Writ of Attachment, shall be deemed Outlaws and / or Felons and shall be prosecuted pursuant to Title 42, United

States Code, 1983, 1985, 1986 1nd punishable under penalties of the Common Law and applicable sections of Title 18, United States Code.

JUDICIAL NOTICE: You are hereby notified and all Parties and this Court that pursuant to U.S. Supreme Court case HAFER v MELO, No. 90-681, November, 1991, any Judicial actions which violates the constitutional rights of individuals may be Sued as a cause of action in Civil Litigation against those performing said acts, without any form of immunity. CIVIL RIGHTS-Immunity: State Officials sued in their individual capacities are "persons" subject to suits for damages under 42 U.S.C. 1983; Eleventh Amendment does not bar such suits in Federal court. (HAFER v. MELO)

Hence, such Common Law Court forbids the presence of any Judge or Lawyer from participating or presiding, or the practice of any Equity Law. The ruling of the U.S. Supreme Court in Rich v. Braxton, 158U 375, specially forbids Judges from invoking equity jurisdiction to remove Common Law Liens or similar "Clouds of Title". Any Order, Ad judgment, or Decree issuing from a Court of Equity operating against to interfere or remove this At-Law legal Lien claim would constitute direct abrogation / deprivation of Claimant's Georgia State and United States Constitutionally Guaranteed Rights.

This Honorable court has not participated in any way to remove the two Federal Common Law Liens known as Book MSI, Page 666-672 and Book MSI, Page 673-679 but GMAC ET AL has. Therefore, this case has been escalated to the Supreme Court.

Respectfully, I Remain

*Cathryn Lafayette*

Cathryn Lafayette

June 12, 2012

Nathan Martin
Servicing Risk Specialist
GMAC Mortgage, LLC
3451 Hammond Ave
Waterloo, IA 50702

Re: Account Number   0602182943
Property Address   440 Milton Drive
            Covington, GA 30016

Common Law Liens:  Book MSI Page 666-672 and Book MSI Page 673-679 Enclosed.

Dear Nathan Martin:

I am in receipt of your letter dated June 06, 2012 on June 11, 2012 indicating that you are in receipt of the Two Federal Liens filed against GMAC Mortgage, LLC ("GMACM") also known as ALLY Financial.

Federal Common Law Lien that was recorded on October 25, 2011 Book MSI Page 666-672 and Federal Common Law Lien that was recorded on October 25, 2011, Book MSI Page 673-679 and mailed to your Corporate Office in October, 2011 at your Tower's location in Detroit, Michigan.  Hence, you are aware that this claim is made pursuant to decisions of the United States Supreme Court. This Common Law Lien is dischargeable only by Claimant, or by a Common Law Jury in a Court of Common Law and according to the rules of the Common Law. These Liens are not otherwise dischargeable for One Hundred Years (100) years, and cannot be extinguished due to death of Claimant, or by Claimant's heirs, assigns, or executors. Common Law Liens at Law supersede Mortgages and Equity Liens and may be satisfied only when a Court of Common Law is convened pursuant to an order of the elected Sheriff.

CAVEAT:   Whoever attempts to modify, circumvent and / or negate this Federal Common Law Lien in the form of the Writ Of Attachment, shall be deemed Outlaws and / or

**Felons and shall be prosecuted** pursuant to Title 42, United States Code, 193, 1985, 1986 1nd punishable under penalties of the Common Law at law and applicable sections of Title 18, United States Code.

**JUDICIAL NOTICE:** You are hereby notified and all Parties and this Court that pursuant to U.S. Supreme Court case HAFER v MELO, No. 90-681, November, 1991, **any Judicial actions** which violates the constitutional rights of individuals may be Sued as a cause of action in Civil Litigation against those performing said acts, without any form of immunity. CIVIL RIGHTS-Immunity: State Officials sued in their individual capacities are "persons" subject to suits for damages under 42 U.S.C. 1983; Eleventh Amendment does not bar such suits in Federal court. (HAFER v. MELO)

Hence, such Common Law Court forbids the presence of any Judge or Lawyer from participating or presiding, or the practice of any Equity Law. The ruling of the U.S. Supreme Court in Rich v. Braxton, 158U 375, specially forbids Judges from invoking equity jurisdiction to remove Common Law Liens or similar "Clouds of Title". Any Order, Ad judgment, or Decree issuing from a Court of Equity operating against to interfere or remove this At-Law legal Lien claim would constitute direct abrogation / deprivation of Claimant's Georgia State and United States Constitutionally Guaranteed Rights.

Respectfully I Remain,

*[signature: Cathryn Lafayette]*

Cathryn Lafayette
Claimant
770-572-7368

STATE OF GEORGIA
COUNTY OF NEWTON
FEDERAL CLAIM OF COMMON LAW LIEN
AND
NOTICE OF FEDERAL COMMON LAW LIEN
WRIT OF ATTACHMENT
ON REAL AND PERSONAL PROPERTY
FOR THE SUM OF $ 42, 047,628.00



FILED October 25, 2011
TIME 12:30 pm
RECORDED Oct 25, 2011
BOOK M51 PAGE 666-672

LINDA D. HAYS
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

OCTOBER 22, 2011 A.D.

NOTICE TO:

Newton County Superior Court in the State of Georgia, Sherriff of Newton County, Georgia: David C. Walker, Vice President on behalf of GMAC Mortgage, LLC, Plaintiff: and McCurdy & Candler, LLC and attorney for the Plaintiff, and all Title Companies: and All Potential Purchasers: and all entities who may claim interest now or at some time in the future: and All persons known and unknown who may be similarly situated and All other concerned parties.

You are hereby notified that a FEDERAL COMMON LAW LIEN WRIT OF ATTACHMENT ON REAL AND PERSONAL PROPERTY IS NOW IN EFFECT ON A CERTAIN PARCEL OF Real Estate now of record in the Name of Cathryn Lafayette, the LIENOR, on property located in Newton County, Georgia, and Known as (440 Milton Dr., Covington, Georgia 30016) and more specifically LEGALLY described as:

All that tract or parcel of land lying and being in Land Lot 169 of the 10th District, Newton County, being Lot 182, The Reserves at Lakewood Estates Subdivision, Unit Two, as per plat recorded in Plat Book 45, Page 196-207, Newton County, Georgia records, which recorded plat is incorporated herein by this reference and made a part of this description.

Being 440 Milton Drive, Covington, Georgia 30018

Tax ID: 0012E 182

This claim shall operate in the nature of a "security" for the repair, maintenance, improvements of the herein described property, Life experiences, performance of obligations related to property of all kinds. This claim is made pursuant to decisions of the United States Supreme Court. This Common Law Lien is dischargeable only by Claimant, or by a Common Law Jury in a Court of Common Law and according to the rules of Common Law. It is not otherwise dischargeable for One Hundred (100) years, and cannot be extinguished due to the death of Claimant, or by Claimant's heirs, assigns, or executors. This Common Law Lien is for repairs/maintenance and improvements related to said Claimant, Life Experience and performance of duty as related to all other assets beginning November 26, 2008 in the amount of $ 41,750,980.00 plus interests; also known as Lien In Instrument No. 005256 filed on November 12, 2008 as well as the amount of $225,000.00 ; hence a total of $42,047,628.00 awful money of the United States, a DOLLAR being described in the 1792 US Coinage Acts as 371.25 grains of fine silver, or the equivalent of Gold, notes or other instruments acceptable to Claimant. (Emphasis added).The failure, refusal, or neglect of Respondent(s) to demand, by all prudent

means, that the Sheriff of this County convene a Common Law Jury to hear this action within ninety (90) days from the date of filing of this Instrument will be deemed as prima facia evidence of an admission of "waiver" to all rights on the property described herein.(Neglect; to give reasons on the record for a refusal to call said court has been held a "Waiver"); (see law express and implied in 1 Campd. 410 n., 7 Ind. 21). (Emphasis added.)1

CATHRYN LAFAYETTE AKA DR. CATHRYN PARKMAN-LAFAYETTE

VS
GMAC Mortgage, LLC
David C. Walker, Vice President on behalf of GMAC Mortgage, LLC, Plaintiff: and McCurdy & Candler, LLC and attorney for the Plaintiff, and all Title Companies: and All Potential Purchasers: and all entities who may claim interest now or at some time in the future: and All persons known and unknown who may be similarly situated and All other concerned parties.

Common Law Lien definition: One known to or granted by the common law, as distinguished from statutory, equitable, and maritime liens; also one arising by implication of law, as distinguished from one created by the agreement of the parties. It is a right extended to a person to retain that which is in his possession belonging to another, until the demand or charge of the person in possession is paid or satisfied. (Whiteside v. Rocky Mountain Fuel Co., C.C.A. Colo. 101 F.2d 765,769.) (Emphasis added.)Black's Law Dictionary 6th Edition.11 USCS () 101, Paragraph (27) (31) defines "lien". The definition is new and is very broad. A lien is defined as a charge against or interest in property to secure payment of debt or performance of an obligation. It includes inchoate lien. In general, the concept of lien is divided into three (3) kinds of liens: judicial liens, security interests, and statutory liens. These three (3) categories are mutually exclusive and are exhaustive except for certain Common Law Liens. This Common Law Lien supersedes Mortgage Liens, Lis Pendens Liens, and Liens of any other kind. This is a suit or action at Common Law and the value in controversy exceeds twenty (20) dollars. The controversy is not confined to the question of Title to Property or in relation to other property, but to Claimants Common Law Claim for the repair/maintenance and improvements to the herein described property, and obligations of duties, wherein the Claimant demands that said controversy be determined by a Common Law Jury in a Court of Common Law and according to the Rules of Gonroon Law. A UCC-.

## MEMORANDUM OF LAW

This Claim through Common Law Lien is an action at Substantive Common Law, not in Equity, and is for the repair, maintenance, improvement, Life experience or performance of an obligation of the herein described property and in relation to other properties as of Substantive Common Law, is distinguished from mere, "common law procedure". Lawyers and judges are misinformed to think, plead, rule or order that the substantive common law rights and immunities have been abolished in Georgia or any other state. Only "Common Law procedure" created by the chancel or/chancery has been abolished. That is to say, the "forms" of common law and equity were abolished, (Kimball v. McIntyre, 3 U 77, 1 P 167), or that the distinctions between the forms of common law and equity were abolished by Rule 2 of Civil Procedure ( Donis v. Utah R.R., 3 U 218, 223 P 521).However, the abolition of mere form, does NOT affect nor diminish our SUBSTANTIVE(Common Law and Constitutional) Rights and immunities (USC 78-2-4,S.2) for substantive law, e.g. our UNALIENABLE Rights Immunities, and has not changed with the state's adoption of Rule 2, combining the courts

form, remedial, ancillary adjective procedures, (see Bonding v. Nonatny, 200 Iowa,227,202 N.W.588) for matters of substance are in the main the same as at substantive Common Law, (Calif. Land v. Halloran, 82U 267,17 P2d 209) and old terms (words and phrases describing law and substantive procedures) used in Common Law can NOT be ignored (O'Neill v. San Pedro RR, 38 U 475, 479, 114 P 127), the modifications resulting being severely limited in operation, effect, and extent (Maxfield v. West 6 U379,-24 P 98) for a total abolishment of even the purely equity or purely Common Law forms has NOT been realized, and must ever be kept in mind (Donis v. Utah RR, supra.)Thus a right to establish a "Common Law Lien" is not, and was NOT dependent upon a statute or chancery rule for its creation as a remedy, and where the right to establish a "Common Law Lien" is a part of SUBSTANTIVE Common Law our right is antecedent to creation of the "state" or its chancery/procedure which right runs to time iinmenorial (Western Union v. Call, 21 S Ct 561,181 US 765)We must be sustained in our acts, mere chancery, equity having no jurisdiction so to counter:"...if the facts stated (see facts related to our "Common Law Lien")entitled litigant (Demandant) to ANY remedy or relief under SUBSTANTIVE LAW(supra), then he has stated good subject matter (cause of action)—and the Court MUST enter judgment in (our) favor—in so far as an attack on the sufficiency of (Demandant) leadings are concerned." (Williams v Nelson 45 U255, 145 P 39; Kaun v McAllister, 1 U 273, affirmed 96 U 587, 24 LEd 615.)"For "although lawyers and judges have (in their ignorance) buried the Common Law, the Common Law rules us from the grave." (Koffer, Common Law Pleading, Intro. Ch. I, West1969) The general rule of the Common Law is expressly adopted by Federal Constitution and is in force in this state and is the Law of the Land and by its operation can impose a Common Law Lien on property in the absence of any specific agreement (see the law express and implied in the class of cases represented by Drumond v. Mills,(1898) 74 N.W.966; Hewitt v. Williams, 47 LaAnn 742, 17 So.269 (1894); Carr v. Dail, 19 S.E.235; McMahon v. Lundin, 58 N.W.827)The Magna Carta governs as well, retaining and preserving all rights antecedent thereto, which was restated in the (1) Massachusetts Bay Charter. (2) Massachusetts Constitution, and (3) the Federal Constitution, (modeled after the Massachusetts Constitution) after which the Texas and Arizona Constitution is modeled, all construed inpari materia, the State Constitution being a LIMITATION on the state's power (Fox v.Kroeger, 11 9 Tex 511, 35 SW2d 670,77 ALR 663.), the Constitution acting prospectively -declaring rights and procedures for the future but NOT diminishing rights extant prior to establishment of the state (Grigsby v. Reib, 105 Tex 597, 153 SW 1124; Southern Pacific Co. v. Porter, 160 Tex 329,331 SW2d 42), and no new powers contrary to our Common Law Rights/Immunities were "granted" to the state.

Common Law Liens at Law supersede mortgages and equity Liens (Drumons Carriage Co. v Mills (1898) 74 NW 966; Hewitt v. Williams 47 LaAnn, 742, 17 So.269; Carr v.Dail, 19SE235; McMahon v. Lundin, "58NW 827) and may be satisfied only when a Court of Common Law is convened pursuant to an order of the elected sheriff. Such Common Law Court forbids the presence of any judge or lawyer from participating or presiding, or the practice of any Equity Law. The ruling of the U.S. Supreme Court in Rich v. Braxton, 158US 375, specifically forbids judges from invoking equity jurisdiction to remove Common Law Liens or similar "clouds of title". Further, even if a preponderance of evidence displays the lien to be void or voidable, the Equity Court still may not proceed until the moving party has proven that he asks for, and has come "to equity" with "clean hands". (Trice v. Comstock, 57OC. A646; West v. Washburn, 138NY Supp.230). Any official who attempts to modify or remove this Common Law Lien is fully liable for damages. (U.S. Supreme Court; Butz v. Econcmou, 98 S.Ct.2894; Bell v. Hood, 327 US 678; Belknap v. Schild, 161 US 10; US v. Lee; Bivens v. 6 Unknown Agents, 400 US 862)Demand is hereby and herewith made upon all public officials under penalty of Title 42, United States Code, Section 1986, not to modify or remove this Lien in any manner. (This Lien is not dischargeable for 100 years and cannot be extinguished due to Claimant's death or by Claimant's heirs, assigns, or executors.) Any Order, Ad judgment, or Decree issuing from a Court of Equity operating against to

interfere or remove this At-Law legal lien claim would constitute direct abrogation/deprivation of Claimant's Georgia State and United States Constitutionally guaranteed Rights. This notice is given inter alia to preclude a jury trial on the certain claim, and to provide for Summary Judgment on the said certain Claim should Respondent admit "waiver" and refuse to call said court.

## CAVEAT

Whoever attempts to modify, circumvent and /or negate this Federal Common Law Lien in the form of the Writ Of Attachment, shall be deemed outlaws and / or felons and shall be prosecuted pursuant to Title 42, United States Code. 1983, 1985, 1986, 1nd punishable under penalties of the common law at law and applicable sections of Title 18, United States Code.
Demand is made upon all public officials under penalty of #42 U.S.C. Section 1986 not to modify or remove this lien in any manner.

## JUDICIAL NOTICE

WE HEREBY NOTICE this all parties and this Court that pursuant to U.S. Supreme Court case HAFER v. MELO, No. 90-681, November, 1991, any judicial actions which violates the constitutional rights of individuals may be sued as a cause of action in civil litigation against those performing said acts, without any form of immunity.
CIVIL RIGHTS- Immunity: State officials sued in their individual capacities are "persons" subject to suits for damages under 42 U.S.C. 1983;Eleventh Amendment does not bar such suits in federal court. (Hafer v. Melo, No. 90-

The symbol "$" means "dollar" as defined by the unrepealed (1792) U.S. Coinage Act, which is 371.25 grains of fine silver for each "dollar", (or) the equivalent in currency acceptable to claimant) and is that "Thing" mandated upon the State of Georgia by Article 1:10:1, United States Constitution. Dr. Cathryn Parkman-Lafayette demands all her Common Law Rights at all times and in all places along with those rights guaranteed in the Magna Carta, Declaration of Independence, United States Constitution, and the Georgia State Constitution. In Propria Persona, Proceeding Sui Juris: Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette Claimant Without Prejudice UOC 1.207.681), page 4001

Respectfully submitted in the Name of Justice on this 22nd day of October, 2011.

*Cathryn Lafayette* (signature)

Lienor: Cathryn Lafayette
440 Milton Dr.
Covington, GA 30016
770-572-7368

# EXHIBIT "A"

## COMMON-LAW LIEN

A "common-law lien" is the right to retain possession of a chattel or personal property until some debt or demand due the person in possession is paid. *Federal Land Bank of Omaha v. Boese,* Iowa, 373 N.W.2d 118, 120.

A "common law lien" is the right of one who by labor, skill, or materials adds value to chattel of another, whether under an express or implied agreement with the owner, to retain possession of the chattel until the owner has paid for the value of his services. *Apartment Owners and Managers Committee of State College Area Chamber of Commerce v. Brown,* 382 A.2d 473, 476, 252 Pa. Super. 539.

"Common-law liens," even when they were applicable, dealt only with personal property, and were valid only in favor of creditor in possession. *Moore v. Surles,* E.D.N.C, 673 F.5upp. 1398, 1400.

"Common law lien" is generally defined as right of one person to retain in his possession that which belongs to another until certain demands of person in possession are satisfied. *U.S. v. Hart,* D.CN.D., 545 F.5upp. 470, 474.

A "common law lien" is the right to retain possession of personal property until some debts due on or secured by such property is paid or satisfied. *Beck v. Nutrodynamics, Inc.,* 186 A.2d 715, 717, 77 N.J.Super.448.

A "common law lien" refers to the right of a bailee to retain the possession of personal property until a debt due or secured by the property is satisfied. *In re Stevcoknit, Inc.,* Bkrtcy. N.Y., 28 B.R. 520, 523.

"Common law lien" is right of artisan, who has performed labor or furnished material to improve or repair chattel at request of owner, to retain possession of chattel until he is paid. *Herpel v. Farmers Ins. Co., Inc.,* Mo. App., 795 S.w.2d 508, 509.

Generally, "common-law liens" pertained exclusively to personal property, and normally required, for their continued efficacy, a continuance of possession in the lienor. *Camden County Welfare Bd. v. Federal Deposit Ins. Corp.,* 62 A.2d 4161 N.j.Super. 532.

See Maritime Lien. *Todd Shipyards Corp. v. The City of Athens,* D.CMd., 83 F.Supp. 67,75.

A "common law lien" - is a right extended to a person to retain that which is in his possession belonging to another, until the demand or charge of the person in possession is satisfied. *Williams v. Greer,* Tex.Civ.App., 122 S.W.2d 247,248.

For a "common-law lien" to exist, it is indispensable that the claimant should have an independent and exclusive possession of the property; the right to the lien being based directly on the idea of possession. *Bell v. Dennis,* 93 P.2d 1003, 1005,43 N.M. 350.

A "common-law lien" is a mere right in one man to retain that which is in his possession belonging to another until certain demands of the person in possession are satisfied, and it cannot continue without possession. *Bell v. Dennis,* 93 P.2d 1003, 1005, 43 N.M. 350.

"Common-law liens" depend on possession, and end with surrender of possession. *McFerran v. Louisville Title Co.'s Receiver,* 71 S.w.2d 655, 657, 254 Ky. 362.

"Common-law lien" is right of person to retain property belonging to another until demands against such other person are satisfied, and "particular lien" is right to detain possession of particular property of another as security for debt or obligation. *Bennett v. Brittingham* (Del.) 140 A. 754, 155, 3 w.w. Harr. 519.

An "equitable lien" differs essentially from a "common-law lien," in that the latter constitutes a mere right to retain possession of a chattel until a debt or demand due the person retaining it is satisfied; whereas, in the case of an equitable lien, possession remains with the debtor or person who holds the proprietary interest *Foster v. Thornton,* 179 So. 882, 892, 131 Fla. 277,

A common-law lien is simply the right to retain possession until some obligation of the owner is satisfied, while the equitable lien is no more than a right to proceed in an equitable action against the subject-matter of the lien and have it sold or sequestered and its proceeds or rents and profits applied to the demand of the owner of the lien. *Oppenheimer v. Szulerecki,* 130 N.E. 325, 328, 297 111. 81, 28 A.L.R. 1439.

Claims of common carrier for freight and demurrage for transportation of materials for use of highway contractor are not to be denied benefit of Rev. Code 1915, § 2644A, see. 25A added by 29 Del. Laws, e. 224, and bond furnished thereunder to protect laborers and materialmen, merely because common carrier has a common-law lien for its charges, whereas other transporters have no such lien. *State v. Aetna Casualty & Surety Co.,* Del., 145A.172, 175.4W.w.Harr.158.

Party claiming "common-law lien" should have independent and exclusive possession of property, right to lien being based directly on idea of possession, and as general rule such lien is waived or lost by voluntarily and unconditionally parting with possession or control of property to which it attaches, and cannot be restored thereafter by resumption of possession. *Ellison v. Scheffssky,* 250 P. 452, 453, 141 Wash. 1.

The "equitable lien" differs essentially from "a common-law lien"; the latter being the mere right to retain the possession of some chattel until a debt or demand due the person thus retaining it is satisfied; possession being such a necessary element that if it is voluntarily surrendered by the creditor the lien is at once extinguished, while in the former or equitable lien possession remains with the debtor who holds the proprietary interest *Jones v. Carpenter,* 106 So. 127, 129, 90 Fla. 407, 43 A.L.R. 1409.

A "common-law lien" is "a right in one man to retain that which is in his possession belonging to another till demands of him (the person in possession) are satisfied. * * * It is founded upon the immemorial recognition of the common law of a right to it in particular cases, or it may result from the established usage of a particular trade." *Nicolette Lumber Co. v. People's Coal Co.,* 62 A. 1060, 1061, 213 Pa. 379, 3 L.R.A.,

N.5., 327, 110 Am.St.Rep. 550, %Ann.Cas. 387.

# AFFIDAVIT

STATE OF GEORGIA

COUNTY OF NEWTON

BEFORE ME, the undersigned authority, on this day of October 22, 2011. Did personally appear Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette, the OWNER of the property, and Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette, the LIENOR, who being first personally and dully sworn, does depose and say that the information contained in this foregoing Federal Common Law Lien Writ of Attachment on Real and Personal Property is true and accurate. Further affiant sayeth not.

_____          _____
Cathryn Lafayette                         Cathryn Lafayette

"PROPERTY OWNER"                          "LIENOR"


State Of Georgia

County Of Newton

The foregoing Federal common Law Lien Writ of Attachment on Real and Personal Property was acknowledged before me this 22nd day, October, 2011, by CATHRYN LAFAYETTE AKA DR. CATHRYN PARKMAN-LAFAYETTE, the OWNER of the property, and CATHRYN LAFAYETTE AKA DR. CATHRYN PARKMAN-LAFAYETTE, the LIENOR, who personally known to me or who has produced her Drivers License as identification and who did take an oath and acknowledged that she did execute same.

(Notary Signature) _Lucy Gaiten_

Print name: _Lucy Gaiten_

Notary Public State of Georgia At Large

My Commission Expires: _11/14/2011_

Federal Claim Of Common Law Lien

And

Notice of Federal Common Law Lien

Writ of Attachment on Real and Personal Property

Number of Pages 7     Date of Document October 22, 2011

Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette The OWNER of the property and Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette, the LIENOR.

STATE OF GEORGIA
COUNTY OF NEWTON
FEDERAL CLAIM OF COMMON LAW LIEN
AND
NOTICE OF FEDERAL COMMON LAW LIEN
WRIT OF ATTACHMENT
ON REAL AND PERSONAL PROPERTY
FOR THE SUM OF $ 225,000.00

FILED October 25, 2011
TIME 12:30 pm
RECORDED Oct 25, 2011
BOOK M51 PAGE 673-679

LINDA D. HAYS
CLERK SUPERIOR COURT
NEWTON COUNTY, GEORGIA

OCTOBER 22, 2011 A.D.

NOTICE TO:

Newton County Superior Court in the State of Georgia, Sherriff of Newton County, Georgia: David C. Walker, Vice President on behalf of GMAC Mortgage, LLC, Plaintiff: and McCurdy & Candler, LLC and attorney for the Plaintiff, and all Title Companies: and All Potential Purchasers: and all entities who may claim interest now or at some time in the future: and All persons known and unknown who may be similarly situated and All other concerned parties.

You are hereby notified that a FEDERAL COMMON LAW LIEN WRIT OF ATTACHMENT ON REAL AND PERSONAL PROPERTY IS NOW IN EFFECT ON A CERTAIN PARCEL OF Real Estate now of record in the Name of Cathryn Lafayette, the LIENOR, on property located in Newton County, Georgia, and Known as (440 Milton Dr., Covington, Georgia 30016) and more specifically LEGALLY described as:

All that tract or parcel of land lying and being in Land Lot 169 of the 10th District, Newton County, being Lot 182, The Reserves at Lakewood Estates Subdivision, Unit Two, as per plat recorded in Plat Book 45, Page 196-207, Newton County, Georgia records, which recorded plat is incorporated herein by this reference and made a part of this description.

Being 440 Milton Drive, Covington, Georgia 30018

Tax ID: 0012E 182

This claim shall operate in the nature of a "security" for the repair, maintenance, improvements of the herein described property, Life experiences, performance of obligations related to property of all kinds. This claim is made pursuant to decisions of the United States Supreme Court. This Common Law Lien is dischargeable only by Claimant, or by a Common Law Jury in a Court of Common Law and according to the rules of Common Law. It is not otherwise dischargeable for One Hundred (100) years, and cannot be extinguished due to the death of Claimant, or by Claimant's heirs, assigns, or executors. This Common Law Lien is for repairs/maintenance and improvements related to said Claimant, Life Experience and performance of duty as related to all other assets beginning November 26, 2008 in the amount of $225,000 lawful money of the United States, a DOLLAR being described in the 1792 US Coinage Acts as 371.25 grains of fine silver, or the equivalent of Gold, notes or other instruments acceptable to Claimant. (Emphasis added). The failure, refusal, or neglect of Respondent(s) to demand, by all prudent means, that the Sheriff of this County convene a

Common Law Jury to hear this action within ninety (90) days from the date of filing of this Instrument will be deemed as prima facia evidence of an admission of "waiver" to all rights on the property described herein.(Neglect; to give reasons on the record for a refusal to call said court has been held a "Waiver"); (see law express and implied in 1 Campd. 410 n., 7 Ind. 21). (Emphasis added.)1

CATHRYN LAFAYETTE AKA DR. CATHRYN PARKMAN-LAFAYETTE

VS
GMAC Mortgage, LLC
David C. Walker, Vice President on behalf of GMAC Mortgage, LLC, Plaintiff: and McCurdy & Candler, LLC and attorney for the Plaintiff, and all Title Companies: and All Potential Purchasers: and all entities who may claim interest now or at some time in the future: and All persons known and unknown who may be similarly situated and All other concerned parties.

Common Law Lien definition: One known to or granted by the common law, as distinguished from statutory, equitable, and maritime liens; also one arising by implication of law, as distinguished from one created by the agreement of the parties. It is a right extended to a person to retain that which is in his possession belonging to another, until the demand or charge of the person in possession is paid or satisfied. (Whiteside v. Rocky Mountain Fuel Co., C.C.A. Colo. 101 F.2d 765,769.) (Emphasis added.)Black's Law Dictionary 6th Edition.11 USCS () 101, Paragraph (27) (31) defines "lien". The definition is new and is very broad. A lien is defined as a charge against or interest in property to secure payment of debt or performance of an obligation. It includes inchoate lien. In general, the concept of lien is divided into three (3) kinds of liens: judicial liens, security interests, and statutory liens. These three (3) categories are mutually exclusive and are exhaustive except for certain Common Law Liens. This Common Law Lien supersedes Mortgage Liens, Lis Pendens Liens, and Liens of any other kind. This is a suit or action at Common Law and the value in controversy exceeds twenty (20) dollars. The controversy is not confined to the question of Title to Property or in relation to other property, but to Claimant's Common Law Claim for the repair/maintenance and improvements to the herein described property and obligations of duties, wherein the Claimant demands that said controversy be determined by a Common Law Jury in a Court of Common Law and according to the Rules of Gonroon Law. A UCC-.

MEMORANDUM OF LAW

This Claim through Common Law Lien is an action at Substantive Common Law, not in Equity, and is for the repair, maintenance, improvement, Life experience or performance of an obligation of the herein described property and in relation to other properties as of Substantive Common Law, is distinguished from mere, "common law procedure". Lawyers and judges are misinformed to think, plead, rule or order that the substantive common law rights and immunities have been abolished in Georgia or any other state. Only "Common Law procedure" created by the chancel or/chancery has been abolished. That is to say, the "forms" of common law and equity were abolished, (Kimball v. McIntyre, 3 U 77, 1 P 167), or that the distinctions between the forms of common law and equity were abolished by Rule 2 of Civil Procedure ( Donis v. Utah R.R., 3 U 218, 223 P 521).However, the abolition of mere form, does NOT affect nor diminish our SUBSTANTIVE(Common Law and Constitutional) Rights and immunities (USC 78-2-4,S.2) for substantive law, e.g. our UNALIENABLE Rights Immunities, and has not changed with the state's adoption of Rule 2, combining the courts
form, remedial, ancillary adjective procedures, (see Bonding v. Nonatny, 200 Iowa,227,202 N.W.588) for matters of substance are in the main the same as at substantive

Common Law, (Calif. Land v. Halloran, 82U 267,17 P2d 209) and old terms (words and phrases describing law and substantive procedures) used in Common Law can NOT be ignored (O'Neill v. San Pedro RR, 38 U 475, 479, 114 P 127), the modifications resulting being severely limited in operation, effect, and extent (Maxfield v. West 6 U379,- 24 P 98) for a total abolishment of even the purely equity or purely Common Law forms has NOT been realized, and must ever be kept in mind (Donis v. Utah RR, supra.)Thus a right to establish a "Common Law Lien" is not, and was NOT dependent upon a statute or chancery rule for its creation as a remedy, and where the right to establish a "Common Law Lien" is a part of SUBSTANTIVE Common Law our right is antecedent to creation of the "state" or its chancery/procedure which right runs to time iinmemorial (Western Union v. Call, 21 S Ct 561,181 US 765)We must be sustained in our acts, mere chancery, equity having no jurisdiction so to counter:"..if the facts stated (see facts related to our "Common Law Lien")entitled litigant (Demandant) to ANY remedy or relief under SUBSTANTIVE LAW(supra), then he has stated good subject matter (cause of action)—and the Court MUST enter judgment in (our) favor—in so far as an attack on the sufficiency of (Demandant) leadings are concerned." (Williams v Nelson 45 U255, 145 P 39; Kaun v McAllister, 1 U 273, affirmed 96 U 587, 24 LEd 615.)"For "although lawyers and judges have (in their ignorance) buried the Common Law, the Common Law rules us from the grave." (Koffer, Common Law Pleading, Intro. Ch. I, West1969) The general rule of the Common Law is expressly adopted by Federal Constitution and is in force in this state and is the Law of the Land and by its operation can impose a Common Law Lien on property in the absence of any specific agreement (see the law express and implied in the class of cases represented by Drumond v. Mills,(1898) 74 N.W.966; Hewitt v. Williams, 47 LaAnn 742, 17 So.269 (1894);Carr v. Dail, 19 S.E.235; McMahon v. Lundin, 58 N.W.827)The Magna Carta governs as well, retaining and preserving all rights antecedent thereto, which was restated in the (1) Massachusetts Bay Charter. (2) Massachusetts Constitution, and (3) the Federal Constitution, (modeled after the Massachusetts Constitution) after which the Texas and Arizona Constitution is modeled, all construed inpari materia, the State Constitution being a LIMITATION on the state's power (Fox v.Kroeger, 11 9 Tex 511, 35 SW2d 670,77 ALR 663.), the Constitution acting prospectively -declaring rights and procedures for the future but NOT diminishing rights extant prior to establishment of the state (Grigsby v. Reib, 105 Tex 597, 153 SW 1124; Southern Pacific Co. v. Porter, 160 Tex 329,331 SW2d 42), and no new powers contrary to our Common Law Rights/Immunities were "granted" to the state.

Common Law Liens at Law supersede mortgages and equity Liens (Drumons Carriage Co. v Mills (1898) 74 NW 966; Hewitt v. Williams 47 LaAnn, 742, 17 So.269; Carr v.Dail, 19SE235; McMahon v. Lundin, "58NW 827) and may be satisfied only when a Court of Common Law is convened pursuant to an order of the elected sheriff. Such Common Law Court forbids the presence of any judge or lawyer from participating or presiding, or the practice of any Equity Law. The ruling of the U.S. Supreme Court in Rich v. Braxton, 158US 375, specifically forbids judges from invoking equity jurisdiction to remove Common Law Liens or similar "clouds of title". Further, even if a preponderance of evidence displays the lien to be void or voidable, the Equity Court still may not proceed until the moving party has proven that he asks for, and has come "to equity" with "clean hands". (Trice v. Comstock, 57OC. A646; West v. Washburn, 138NY Supp.230). Any official who attempts to modify or remove this Common Law Lien is fully liable for damages. (U.S. Supreme Court; Butz v. Econcmou, 98 S.Ct.2894; Bell v. Hood, 327 US 678; Belknap v. Schild, 161 US 10; US v. Lee; Bivens v. 6 Unknown Agents, 400 US 862)Demand is hereby and herewith made upon all public officials under penalty of Title 42, United States Code, Section 1986, not to modify or remove this Lien in any manner. (This Lien is not dischargeable for 100 years and cannot be extinguished due to Claimant's death or by Claimant's heirs, assigns, or executors.) Any Order, Ad judgment, or Decree issuing from a Court of Equity operating against to interfere or remove this At-Law legal lien claim would constitute direct abrogation/deprivation of Claimant's Georgia State and United States Constitutionally guaranteed Rights. This notice is given inter alia to preclude a jury trial on

the certain claim, and to provide for Summary Judgment on the said certain Claim should Respondent admit "waiver" and refuse to call said court.

## CAVEAT

Whoever attempts to modify, circumvent and /or negate this Federal Common Law Lien in the form of the Writ Of Attachment, shall be deemed outlaws and / or felons and shall be prosecuted pursuant to Title 42, United States Code. 1983, 1985, 1986, 1nd punishable under penalties of the common law at law and applicable sections of Title 18, United States Code.
Demand is made upon all public officials under penalty of #42 U.S.C. Section 1986 not to modify or remove this lien in any manner.

## JUDICIAL NOTICE

WE HEREBY NOTICE this all parties and this Court that pursuant to U.S. Supreme Court case HAFER v. MELO, No. 90-681, November, 1991, any judicial actions which violates the constitutional rights of individuals may be sued as a cause of action in civil litigation against those performing said acts, without any form of immunity.
CIVIL RIGHTS- Immunity: State officials sued in their individual capacities are "persons" subject to suits for damages under 42 U.S.C. 1983;Eleventh Amendment does not bar such suits in federal court. (Hafer v. Melo, No. 90-

The symbol "$" means "dollar" as defined by the unrepealed (1792) U.S. Coinage Act, which is 371.25 grains of fine silver for each "dollar", (or) the equivalent in currency acceptable to claimant) and is that "Thing" mandated upon the State of Georgia by Article 1:10:1, United States Constitution. Dr. Cathryn Parkman-Lafayette demands all her Common Law Rights at all times and in all places along with those rights guaranteed in the Magna Carta, Declaration of Independence, United States Constitution, and the Georgia State Constitution. In Propria Persona, Proceeding Sui Juris: Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette Claimant Without Prejudice UOC 1.207.681), page 4001

Respectfully submitted in the Name of Justice on this 22nd day of October, 2011.

*Cathryn Lafayette*
Lienor: Cathryn Lafayette
440 Milton Dr.
Covington, GA 30016
770-572-7368

EXHIBIT "A"

COMMON-LAW LIEN

A "common-law lien" is the right to retain possession of a chattel or personal property until some debt or demand due the person in possession is paid. *Federal Land Bank of Omaha v. Boese,* Iowa, 373 N.W.2d 118, 120.
A "common law lien" is the right of one who by labor, skill, or materials adds value to chattel of another, whether under an express or implied agreement with the owner, to retain possession of the chattel until the owner has paid for the value of his services. *Apartment Owners and Managers Committee of State College Area Chamber of Commerce v. Brown,* 382 A.2d 473, 476, 252 Pa. Super. 539.
"Common-law liens," even when they were applicable, dealt only with personal property, and were valid only in favor of creditor in possession. *Moore v. Surles,* E.D.N.C, 673 F.5upp. 1398, 1400.
"Common law lien" is generally defined as right of one person to retain in his possession that which belongs to another until certain demands of person in possession are satisfied. *U.S. v. Hart,* D.CN.D., 545 F.5upp. 470, 474.
A "common law lien" is the right to retain possession of personal property until some debts due on or secured by such property is paid or satisfied. *Beck v. Nutrodynamics, Inc.,* 186 A.2d 715, 717, 77 N.J.Super 448.
A "common law lien" refers to the right of a bailee to retain the possession of personal property until a debt due or secured by the property is satisfied. *In re Stevcoknit, Inc.,* Bkrtcy. N.Y., 28 B.R. 520, 523.
"Common law lien" is right of artisan, who has performed labor or furnished material to improve or repair chattel at request of owner, to retain possession of chattel until he is paid. *Herpel v. Farmers Ins. Co., Inc.,* Mo. App., 795 S.w.2d 508, 509.
Generally "common-law liens" pertained exclusively to personal property, and normally required, for their continued efficacy, a continuance of possession in the lienor. *Camden County Welfare Bd. v. Federal Deposit Ins. Corp.,* 62 A.2d 4161 N.j.Super. 532.
See Maritime Lien. *Todd Shipyards Corp. v. The City of Athens,* D.CMd., 83 F.Supp. 67,75.
A "common law lien" - is a right extended to a person to retain that which is in his possession belonging to another, until the demand or charge of the person in possession is satisfied. *Williams v. Greer,* Tex.Civ.App., 122 S.W.2d 247,248.
For a "common-law lien" to exist, it is indispensable that the claimant should have an independent and exclusive possession of the property; the right to the lien being based directly on the idea of possession. *Bell v. Dennis,* 93 P.2d 1003, 1005,43 N.M. 350.

A "common-law lien" is a mere right in one man to retain that which is in his possession belonging to another until certain demands of the person in possession are satisfied, and it cannot continue without possession. *Bell v. Dennis*, 93 P.2d 1003, 1005, 43 N.M. 350.

"Common-law liens" depend on possession, and end with surrender of possession. *McFerran v. Louisville Title Co.'s Receiver*, 71 S.w.2d 655, 657, 254 Ky. 362.

"Common-law lien" is right of person to retain property belonging to another until demands against such other person are satisfied, and "particular lien" is right to detain possession of particular property of another as security for debt or obligation. *Bennett v. Brittingham* (Del.) 140 A. 754, 155, 3 w.w. Harr. 519.

An "equitable lien" differs essentially from a "common-law lien," in that the latter constitutes a mere right to retain possession of a chattel until a debt or demand due the person retaining it is satisfied; whereas, in the case of an equitable lien, possession remains with the debtor or person who holds the proprietary interest *Foster v. Thornton*, 179 So. 882, 892, 131 Fla. 277,

A common-law lien is simply the right to retain possession until some obligation of the owner is satisfied, while the equitable lien is no more than a right to proceed in an equitable action against the subject-matter of the lien and have it sold or sequestered and its proceeds or rents and profits applied to the demand of the owner of the lien. *Oppenheimer v. Szulerecki*, 130 N.E. 325, 328, 297 111. 81, 28 A.L.R. 1439.

Claims of common carrier for freight and demurrage for transportation of materials for use of highway contractor are not to be denied benefit of Rev. Code 1915, § 2644A, see. 25A added by 29 Del. Laws, e. 224, and bond furnished thereunder to protect laborers and materialmen, merely because common carrier has a common-law lien for its charges, whereas other transporters have no such lien. *State v. Aetna Casualty & Surety Co.*, Del., 145 A.172, 175. 4 W.w.Harr.158.

Party claiming "common-law lien" should have independent and exclusive possession of property, right to lien being based directly on idea of possession, and as general rule such lien is waived or lost by voluntarily and unconditionally parting with possession or control of property to which it attaches, and cannot be restored thereafter by resumption of possession. *Ellison v. Scheffssky*, 250 P. 452, 453, 141 Wash 1.

The "equitable lien" differs essentially from "a common-law lien"; the latter being the mere right to retain the possession of some chattel until a debt or demand due the person thus retaining it is satisfied; possession being such a necessary element that if it is voluntarily surrendered by the creditor the lien is at once extinguished, while in the former or equitable lien possession remains with the debtor who holds the proprietary interest *Jones v. Carpenter*, 106 So. 127, 129, 90 Fla. 407, 48 A.L.R. 1409.

A "common-law lien" is "a right in one man to retain that which is in his possession belonging to another till demands of him (the person in possession) are satisfied. *** It is founded upon the immemorial recognition of the common law of a right to it in particular cases, or it may result from the established usage of a particular trade." *Nicolette Lumber Co. v. People's Coal Co.*, 62 A. 1060, 1061, 213 Pa. 379, 3 L.R.A.,

N.S., 327 11 O Am.St.Rep. 550, %Ann.Cas. 387.

# AFFIDAVIT

**STATE OF GEORGIA**

**COUNTY OF NEWTON**

BEFORE ME, the undersigned authority, on this day of October 22, 2011. Did personally appear Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette, the OWNER of the property, and Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette, the LIENOR, who being first personally and dully sworn, does depose and say that the information contained in this foregoing Federal Common Law Lien Writ of Attachment on Real and Personal Property is true and accurate.                                          Further affiant sayeth not.

_Cathryn Lafayette_ (signature)                                          _Cathryn Lafayette_ (signature)

Cathryn Lafayette                                                                    Cathryn Lafayette

"PROPERTY OWNER"                                                             "LIENOR"

State Of Georgia

County Of Newton

The foregoing Federal common Law Lien Writ of Attachment on Real and Personal Property was acknowledged before me this 22nd day, October, 2011, by CATHRYN LAFAYETTE AKA DR. CATHRYN PARKMAN-LAFAYETTE, the OWNER of the property, and CATHRYN LAFAYETTE AKA DR. CATHRYN PARKMAN-LAFAYETTE, the LIENOR, who personally known to me or who has produced her Drivers License as identification and who did take an oath and acknowledged that she did execute same.

(Notary Signature) _Lucy Gaiton_

Print name: _Lucy Gaiton_

Notary Public State of Georgia At Large

My Commission Expires: _11/14/2011_

[Notary Seal: LUCY GAITON, NOTARY PUBLIC, ROCKDALE COUNTY, GA]

Federal Claim Of Common Law Lien

And

Notice of Federal Common Law Lien

Writ of Attachment on Real and Personal Property

Number of Pages 7      Date of Document October 22, 2011

Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette The OWNER of the property and Cathryn Lafayette AKA Dr. Cathryn Parkman-Lafayette, the LIENOR.